UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRODHEIM, | No.  2:12-cv-2756 DAD P |
| Petitioner, | |
| v. | ORDER |
| B. DUFFY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

For the reasons discussed herein, the court will dismiss the instant habeas petition without prejudice to petitioner obtaining any relief that may be available to him as a member of the plaintiff class in Gilman v. Fisher, 05-0830 LKK CKD P (E.D. Cal. Feb. 28, 2014), appeal docketed, No. 14-15680 (9th Cir. Apr. 22, 2014).[1]

**PRELIMINARY SCREENING**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section 2254

---

[1] Petitioner has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (Doc. No. 4)

1

Cases. See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

Petitioner commenced this action by filing a petition for a writ of habeas corpus. Petitioner's sole claim is that the Board of Parole Hearings' ("Board") implementation of Proposition 9 (Marsy's Law) has created a significant risk of prolonging his incarceration in violation of the Ex Post Facto Clause of the United States Constitution. (Pet. at 5, Mem. of P. & A.).

## ANALYSIS

The court will dismiss the instant petition without prejudice to petitioner obtaining any relief that is available to him as a member of the plaintiff class in Gilman v. Fisher, 2:05-cv-0830 LKK CKD P (E.D. Cal. Feb. 28, 2014), appeal docketed, No. 14-15680 LKK CKD P (9th Cir. Apr. 22, 2014). The plaintiff class in Gilman is comprised of "all California State prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." See Gilman, 2:05-cv-0830 LKK CKD P, Doc. No. 532 at 1-2 (Order Filed Feb. 28, 2014). Members of the Gilman class "may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action." Id., Doc. No. 296 at 2 (Order Filed Dec.10, 2010); Doc. No. 278 (Order Filed Oct. 1, 2010); Doc. No. 276 (Order Filed Sept. 28, 2010); Doc. No. 274 (Order Filed Sept. 23, 2010).

On February 28, 2014, United States District Judge Lawrence K. Karlton issued a court order granting the Gilman class declaratory and injunctive relief. See Gilman, 2:05-cv-0830 LKK CKD P, Doc. No. 532 at 57-58 (Order Filed Feb. 28, 2014). Judge Karlton's order declares Proposition 9, as implemented by the Board, violates the Ex Post Facto Clause of the United States Constitution. Id. at 57. Judge Karlton's order also requires that the Board provide all class

1   members with a parole hearing annually, unless the Board finds under Section 3041(b) as it
2   existed prior to Proposition 9 that a longer deferral period is warranted. Id. at 58. Judge Karlton
3   stayed that order for 31 days and the order was to go into effect immediately thereafter, unless
4   defendants filed a timely appeal. Id. Defendants have appealed the court's order. Id., Doc. No.
5   544-545.

6       In this habeas action, petitioner alleges that he is a California state prisoner serving a life
7   term in state prison with the possibility of parole for an offense that occurred before November 4,
8   2008. (Pet. at 2.) Accepting petitioner's allegations as true, he is a member of the Gilman
9   plaintiff class. Similar to the plaintiffs in Gilman, petitioner in this habeas action alleges that
10  Marsy's Law violates the Ex Post Facto Clause because, when applied retroactively, it creates a
11  risk of increasing the length of his punishment. Petitioner asks the court to issue a writ of habeas
12  corpus granting him relief. However, even if the court found that the Board's deferral of
13  petitioner's next parole suitability hearing violated the Ex Post Facto Clause, petitioner would not
14  be entitled to release on parole. Because petitioner's Ex Post Facto claim concerns only the
15  timing of his next parole suitability hearing, success on that claim would not necessarily result in
16  determinations that petitioner is suitable for release from custody on parole. Rather, petitioner's
17  equitable relief would be limited to an order directing the Board to conduct a new parole
18  suitability hearing and enjoining the Board from enforcing against petitioner any provisions of
19  Marsy's Law found to be unconstitutional. This is the same relief petitioner is entitled to as a
20  member of the Gilman plaintiff class.

21      Petitioner's rights will be fully protected by his participation as a class member in the
22  Gilman case. Accordingly, the court will dismiss petitioner's Ex Post Facto claim without
23  prejudice to any relief that may be available to him as a member of the Gilman class. See
24  Crawford v. Bell, 599 F.2d 890, 892 (9th Cir. 1979) ("A court may choose not to exercise its
25  jurisdiction when another court having jurisdiction over the same matter has entertained it and
26  can achieve the same result."); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991)
27  ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison
28  conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858

F.2d 1101, 1103 (5th Cir.1988) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications."); Johnson v. Parole Board, No. CV 12–3756–GHK (CW), 2012 WL 3104867 at *2 (C.D. Cal. June 26, 2012) (recommending dismissal of petitioner's Ex Post Facto challenge to Proposition 9 "without prejudice in light of the ongoing Gilman class action.") (and cases cited therein), report and recommendation adopted by 2012 WL 3104863 (C.D. Cal. July 25, 2012).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's claim that his rights under the Ex Post Facto Clause were violated by the Board's decision to defer his next parole consideration hearing is dismissed without prejudice to petitioner any relief that may be available to him as a member of the plaintiff class in Gilman v. Fisher, 05-0830 LKK GGH P (E.D. Cal. Feb. 28, 2014), appeal docketed, No. 14-15680 LKK CKD P (9th Cir. Apr. 22, 2014);

2. The court declines to issue a certificate of appealability; and

3. This action is closed.

Dated: May 28, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brid2756.156